IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Leonard Wendell Davis, | ) | Case No. 7:24-cv-03576-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Marie Burkhart, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On July 9, 2024, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without leave to amend and without issuance of service of process. ECF No. 9. Plaintiff filed objections to the Report. ECF No. 11.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As noted above, the Magistrate Judge recommends that this action be summarily dismissed. The Court finds that the Magistrate Judge provided a thorough recitation of the facts and applicable law and incorporates that discussion by reference. As Plaintiff filed objections, the Court's review has been de novo.

Plaintiff objects and argues that the body cam footage was lost while it was within the control of law enforcement. ECF No. 11 at 1. He contends that he should be fully exonerated due to evidence tampering. *Id.* He contends that these circumstances warrant an exception to the relevant law.

As explained in more detail by the Magistrate Judge, Plaintiff appears to assert a claim under the Fourth Amendment for false arrest, unlawful detention, and/or malicious prosecution. To state a § 1983 claim for a seizure violative of the Fourth Amendment, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). Here, there is no evidence that there has been a favorable termination in Plaintiff's favor. While Plaintiff requests an exception to this rule, the Court is unaware of any relevant caselaw

supporting this request nor any constitutional or statutory basis for such an exception. Accordingly, Plaintiff's objections are overruled.

## CONCLUSION

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court adopts the recommendation of the Magistrate Judge. This action is **DISMISSED** without prejudice, without issuance of service of process, and without leave to amend.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 8, 2024
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.